IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:24-CV-91-BO

| | |
|---|---|
| ANNIE R. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TRANSAMERICA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff Annie Harris's motion to compel a non-party, the North Carolina Department of Insurance ("NCDOI"), to respond to Plaintiff's March 20, 2025 subpoena. [DE-30]. NCDOI filed a response, [DE-34], and the matter is ripe for decision. For the reasons that follow, the motion to compel is allowed.

Subpoenas issued to nonparties are governed by Fed. R. Civ. P. 45. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce a document and tangible things or to permit an inspection."). "In response to such a subpoena, a non-party may either file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A), move for a protective order pursuant to Fed. R. Civ. P. 26(c), or oppose a motion to compel production of the subpoenaed documents pursuant to Fed. R. Civ. P. 45(d)(2)(B)." *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002)); *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2017 WL 5919625, at *4 (E.D.N.C. Nov. 30, 2017). When considering the propriety of enforcing a subpoena, a trial court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Schaaf*, 233 F.R.D.

at 453 (quoting *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the court "must quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1), (d)(3)(iv).

"In the context of evaluating subpoenas issued to third parties, a court 'will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.'" *Schaaf*, 233 F.R.D. at 453 (quoting *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005)); *Eshelman*, 2017 WL 5919625 at *4. The determination of the reasonableness of a subpoena requires the court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it, weighing the benefits and burdens, considering whether the information is necessary and whether it is available from another source. *See* 9A Wright & Miller, Fed. Practice & Procedure § 2463.1 (3d ed.) (collecting cases); *Spring v. Bd. of Trs. of Cape Fear Cmty. Coll.*, No. 7:15-CV-84-BO, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016). The party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) (citation omitted); *see U.S. Equal Emp't Opportunity Comm'n v. Bojangles' Rests., Inc.*, No. 5:16-CV-654-BO, 2017 WL 2889493, at *3 (E.D.N.C. July 6, 2017) (citing *Papanicolas v. Project Execution & Control Consulting*, LLC, No. CIV.A. CBD-12-1579, 2015 WL 1242755, at *1 (D. Md. Mar. 17, 2015)) (noting that "[t]he burden of proving that a subpoena is oppressive is on the party moving to quash"); *Sherrill v. DIO Transp., Inc.*, 317 F.R.D. 609, 612 (D.S.C. 2016) ("[T]he burden of proof

is with the party objecting to the discovery to establish that the challenged production should not be permitted.") (citation omitted).

Plaintiff's claims in this case arise from a dispute with Defendant Transamerica over an insurance policy. Plaintiff alleges that she paid her insurance premiums each month to her insurance agent but that after her insurance agent died, Transamerica indicated that loans had been placed against her policy and threatened to cancel the policy if payment was not made. [DE-6] ¶ 1.2. Plaintiff further alleges that, prior to filing this lawsuit, she complained to NCDOI about Transamerica's actions, and the Criminal Investigations Division of NCDOI ("CID") investigated the complaint and subsequently closed its file. *Id.* An affidavit from Marty Sumner, a law enforcement executive over the CID, submitted in response to the motion, confirms CID conducted an investigation of Plaintiff's complaint. [DE-34-1] ¶¶ 2, 4.

On March 20, 2025, Plaintiff's counsel issued a subpoena to NCDOI for production of documents and tangible things, including six categories of documents. [DE-30-2] at 12–19. On April 3, 2025, NCDOI responded to four of the requests by producing a copy of a file from Consumer Services; however, it also objected to two requests directed to the file compiled by CID. *Id.* at 2–9. NCDOI stated that the subpoena requests as to the CID file sought "production of privileged and confidential documents for which no waiver applies and subjects non-party DOI to an undue burden," that under North Carolina state law the CID file could only be released pursuant to a court order, and that the request was unduly burdensome because the documents may require redaction of personally identifiable information. *Id.* at 5–8. Plaintiff then filed the instant motion for a court order compelling NCDOI's full compliance with the subpoena.

Plaintiff argues that the CID file is highly relevant because it contains documents and information relating to exactly the actions by Transamerica that Plaintiff complains of in this case,

3

and NCDOI does not dispute the relevance of the documents sought. The parties also agree that North Carolina law does not provide blanket protection for the CID file but rather requires a court order for the release of the documents. *See* N.C. Gen. Stat. §§ 58-2-100 & 132-1.4. NCDOI in its response presses its objections based on privilege[1] and confidentiality, as well as the burdensomeness of potential redactions. [DE-34] at 4–7.

The court finds the documents to be highly relevant to the claims in this action and the file is solely available from NCDOI. Plaintiff in this matter is indigent and represented by *pro bono* counsel, which further weighs in favor of ordering production, where it is not feasible for Plaintiff to undertake a duplicative investigation. *See* Fed. R. Civ. P. 1 (urging construction of the Federal Rules to, *inter alia*, secure an inexpensive determination of every action and proceeding). NCDOI's burdensomeness argument regarding the potential need for redaction is speculative and, therefore, is insufficient to outweigh the other factors in favor of ordering production of the CID file. Finally, any confidentiality concerns can be addressed through entry of a consent protective order should NCDOI deem one necessary. *See Baker v. Americredit Fin. Servs., Inc.*, No. 5:24-CV-359-M, 2025 WL 985349, at *2 (E.D.N.C. Apr. 2, 2025) (ordering production of subpoenaed records over objection that they were protected as criminal investigative records under N.C. Gen. Stat. § 132-1.4) (citing *Evans v. Capps*, No. 7:15-CV-252-BO, 2017 WL 4171970, at *7–8 (E.D.N.C. Sept. 20, 2017) (ordering production of subpoenaed documents subject to a protective order over objection that they were immune from disclosure as criminal investigation records pursuant to N.C. Gen. Stat. § 132-1.4)).

---

[1] NCDOI does not argue the documents are subject to any attorney-client or work-product privilege, and so the privilege assertion appears to be part and parcel of the confidentiality argument under state law.

Accordingly, the motion the compel is allowed. Plaintiff shall serve this order on NCDOI, and it shall produce all records responsive to the requests in the March 20, 2025 subpoena within fourteen (14) days of being served with this order.

So ordered, the **30** day of April, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge