UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO. 4:24-CV-00091-BO-RJ

| | |
|---|---|
| ANNIE R. HARRIS, | ) |
|     Plaintiff, | ) |
| v. | ) |
| TRANSAMERICA | ) |
|     Defendant. | ) |

**CONSENT PROTECTIVE ORDER**

The Court having considered this Consent Protective Order and the Parties, by and through their undersigned counsel, having jointly consented to entry of this Order, the Court finds and concludes as follows:

1. Plaintiff has served a subpoena on the North Carolina Department of Insurance ("NCDOI") dated March 20, 2025 ("Subpoena") requiring the production of the file maintained by the Criminal Investigations Division ("CID") of NCDOI regarding Plaintiff's complaint to NCDOI, which file is subject to protection under N.C. Gen. Stat. §§ 58-2-100 and 132-1.4 *et seq.* as a record of a criminal investigation.

2. By Order entered herein on April 30, 2025, [DE 36], the Court granted "Plaintiff's Motion to Compel as to March 20, 2025 Subpoena Issued to North Carolina Department of Insurance" finding the CID file to be highly relevant to the claims in this action and the file is solely available from NCDOI.

3. Good cause exists to enter this Consent Protective Order.

IT IS NOW, THEREFORE, BY CONSENT, ORDERED, ADJUDGED, AND DECREED as follows:

1. This Consent Protective Order shall govern the use and dissemination of the CID file sought by Plaintiff.

2. Unless otherwise expressly allowed herein, the CID file will solely be used in connection with this action. The term "Action" as used in this Consent Protective Order shall mean Civil Action No. 4:24-CV-00091 in the Eastern District of North Carolina, Eastern Division. The CID file shall be subject to the provisions of this Consent Protective Order in the absence of a further order of this Court entered after at least 5 days' prior written notice to NCDOI's counsel.

3. Except with the prior written consent of NCDOI after at least 7 business days' prior written notice to NCDOI's counsel, or upon an order of this Court entered after at least 5 days' prior written notice to NCDOI's counsel, the CID file shall not be disclosed to any person other than:

2

a. the Parties in this action;

b. counsel for the Parties in this action;

c. staff members, professional and paraprofessional employees of counsel for the Parties in this action;

d. expert witnesses and consultants, to the extent deemed necessary by counsel for a Party, for the prosecution or defense of this action;

e. court reporters and videographers;

f. a deponent in this action; prior to or in the course of a deposition, provided that such persons may be shown copies of designated material only during the course of preparation for his or her deposition or in the actual course of a deposition, may not retain any designated material, and must execute the Confidentiality Acknowledgement referred to herein;

g. personnel of third party vendors engaged by a party or by counsel for a party to assist counsel in (i) the copying, coding, imaging or other management of documents produced in discovery in this action or of associated databases or (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial in this action;

3

h. testifying witnesses during any court proceeding in this action, provided that such persons may be shown copies of designated material only during the course of preparation for his or her testimony or in the actual course of testimony, may not retain any designated material, and must execute the Confidentiality Acknowledgement referred to herein;

   i. NCDOI and its counsel;

   j. the court and its personnel; and

   k. any mediator appointed by the Parties or by the Court.

4. If a party wishes to disclose the CID file to any person not described in Paragraph 3 above, permission to so disclose must be requested from NCDOI in writing with a clear description of the information or documents at issue. Such written request shall be served upon NCDOI's counsel at least 7 days before the proposed disclosure. NCDOI shall object or otherwise respond to the request within 5 days of receipt of the request for permission to disclose. A failure to object by NCDOI shall be deemed a waiver of the protection of the Protective Order by NCDOI as to the specified information or documents. In that event, the party wishing to make the proposed disclosure may do so without violating this Order. If NCDOI objects to the proposed disclosure, such disclosure shall not be made unless a court

4

orders otherwise after a properly noticed motion by the Party requesting disclosure.

5. Prior to obtaining access to the CID file, any person to whom the CID file may be disclosed pursuant to Paragraph 3 above, other than the Court and its personnel, NCDOI and its counsel, the Parties to this action, counsel for the Parties in this action, and staff members, professional and paraprofessional employees of such counsel, and any mediator appointed with the consent of all parties or by the Court, shall be provided a copy of this Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgement attached hereto as Exhibit A ("Confidentiality Acknowledgement"). Counsel for the Party obtaining a person's signature on the Confidentiality Acknowledgement shall retain the original signed Confidentiality Acknowledgement and, upon request, shall make copies of it available to counsel for the other Parties and NCDOI; provided that the identities of consultants who will not be testifying as expert witnesses may be redacted from the Confidentiality Acknowledgement.

6. Any person receiving the CID file shall not reveal to or discuss such information with any person who is not entitled to receive such information as set forth herein. In the event that additional parties are added to this action, they must execute a copy of the Confidentiality

5

Acknowledgement and serve it on the Parties and NCDOI's counsel before they may access the CID file.

7. At the conclusion of this case and after expiration of any applicable period for appeal, the Parties shall destroy the CID file subject to this Consent Protective Order.

8. Entry of this Order shall be without prejudice to any application for relief from any restriction hereof or for any other or further restriction on the production, exchange, or use of any document, testimony, interrogatory response, or other information produced, given or exchanged in the course of pretrial discovery or pursuant to subpoena in this action. However, any Party or Third Party applying for relief shall give a minimum of 5 days' notice of any such request for relief.

9. The production, disclosure, or use of the CID file in accordance with the terms of this Order shall not constitute a waiver by NCDOI of a privilege or exemption from discovery with respect to such information in this action or any other litigation, past, present or future, and shall not constitute a waiver by NCDOI of any protection from disclosure and/or subpoena or discovery afforded under Chapter 58 of the North Carolina General Statutes.

10. Entry of this Consent Protective Order shall not prevent any party from objecting to the admissibility of any documents or things produced pursuant to this Consent Protective Order.

11. The Court retains jurisdiction to enforce the terms of this Consent Protective Order.

SO ORDERED this the 5 day of May, 2025.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

**WE CONSENT:**

May 2, 2025  
Date

/s/M. Denise Stanford  
M. Denise Stanford  
*Attorney for North Carolina*  
*Department of Insurance*

May 2, 2025  
Date

/s/Michael J. Parrish  
Michael J. Parrish  
*Attorney for Plaintiff*

May 2, 2025  
Date

/s/Christopher J. Blake  
Christopher J. Blake  
*Attorney for Defendant*

May 2, 2025  
Date

/s/Alexandra M. Bradley  
Alexandra M. Bradley  
*Attorney for Defendant*

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO. 4:24-CV-00091-BO-RJ

| | |
|---|---|
| ANNIE R. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) **EXHIBIT A** |
| | ) |
| v. | ) |
| | ) |
| TRANSAMERICA | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CONIDENTIALITY ACKNOWLDGEMENT**

I, _____, being duly sworn on oath, state the following:

1. I have read and understand the Protective Order to which this Exhibit A is attached, and I attest to my understanding that access to the CID file may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Consent Protective Order. I agree to be bound by the terms of the Consent Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Consent Protective Order.

9

2.  I shall not use or disclose to others, except in accordance with this Consent Protective Order, documents or other tangible things in the CID file. After the termination of this action and within 40 days after of entry of a final, non-appealable order, the CID file and all copies thereof, including, but not limited to, any notes or other transcriptions made therefrom that is not attorney work-product, shall be returned to NCDOI or destroyed by me. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Consent Protective Order, I understand that I may be subject to sanctions under the contempt power of the Court.

Dated: _____

_____
Signature

_____
Printed Name

_____
_____
Address

_____
Individual or Entity Represented

Sworn to and subscribed before me this ___ day of _____, 2025.

_____
Notary Public

_____
Notary's Printed Name

SEAL

My Commission Expires: _____

10